UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
    Plaintiff :
 : 
    v. : CIVIL NO. 4:CV-06-1400
 :
 : (Judge McClure)
WARDEN JANINE DONATE, ET AL., :
    Defendants :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL CURTIS REYNOLDS, :
    Plaintiff :
 : 
 : CIVIL NO. 4:CV-07-159
 :
    v. : (Judge McClure)
 :
CAPTAIN CHIARELLI, ET AL., :
    Defendants :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMORANDUM**

January 31, 2007

**Background**

    Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the

Lackawanna County Prison, Scranton, Pennsylvania, filed the initially captioned civil

rights complaint pursuant to 42 U.S.C. § 1983.  This Court thereafter granted Plaintiff's in forma pauperis application and directed the United States Marshal to effect service of the complaint.   On July 31, 2006,  Reynolds filed a second § 1983 action, Reynolds v. Donate, Civil No. 4:CV-06-1487.  By Memorandum and Order dated August 7, 2006, this Court directed that those cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter proceed under Reynolds, Civil Action No. 4:CV-06-1400, which was the initially filed complaint.

On January 29, 2007, Plaintiff initiated the remaining above captioned civil rights action, Reynolds, Civil Action No. 07-159 with this Court.  For the  reasons outlined below, this Court will direct that Plaintiff's recently initiated complaint likewise be consolidated into  Reynolds, Civil Action No. 4:CV-06-1400 pursuant to Rule 42(a).

**Discussion**

Named as Defendants in Reynolds' initial complaint are Warden Janine Donate, Correctional Officer Cornell and Lieutenant Carol of the Lackawanna County Prison.  Plaintiff alleges that the Warden's policy prohibiting inmates from going to the law library without shoes is unconstitutional.  He adds that the prison has refused to provide him with shoes despite the fact that his shoes were misplaced over four (4)

months ago.  Reynolds concludes that the denial of access to the law library prevented him from requesting another preliminary hearing (presumably with respect to a Pennsylvania state criminal proceeding).   As relief, Plaintiff seeks a change in the Warden's law library policy and compensation.

The Defendants listed in Reynolds, 06-1487 are Donate, Captain Katz and Correctional Officers Moskwa and "G."  The Plaintiff again challenges Warden Donate's policy requiring that shoes be worn by prisoners going to the law library.  His second complaint further maintains that Defendants Moskwa and "G." denied him access to the law library, and then tackled him and placed him in the prison's restrictive housing unit.  Captain Katz is described as having presided over a disciplinary proceeding regarding Plaintiff's placement in restrictive housing.   As relief, Plaintiff again seeks a change in Warden Donate's law library policy and compensation.  Reynolds further requests that the Defendant correctional officers who assaulted him be disciplined and that a mistrial be declared in his state criminal prosecution.

Named as Defendants in Reynolds, 07-159 are Captain Chiarelli and Assistant Warden Timothy Betti of the Lackawanna County Prison.  The Plaintiff again contends that he is being denied adequate access to the prison's law library.  Specifically, he alleges that the Defendants "constantly deny me" permission to use

3

the prison's law library despite the fact that his federal criminal trial is scheduled to begin on March 1, 2007.[1]  Record document no. 1, ¶ 4.  There are no other claims asserted in this complaint.

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question
> of law or fact are pending before the
> court, it may order a joint hearing or
> trial of any or all the matters in issue
> in the actions; it may order all the
> actions consolidated; and it may make
> such orders concerning proceedings therein
> as may tend to avoid unnecessary costs or
> delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of Reynolds' above described civil rights actions are similar.  All three complaints include claims that Plaintiff is not being provided with access to the law library at the Lackawanna County Prison.  Since the actions contain common factors of law and fact, this Court will order the consolidation of Plaintiff's second above -captioned complaint into his initially filed action, Reynolds, Civil Action No. 4:CV-06-1400, pursuant to Rule 42(a).

---

[1] Plaintiff is presently the subject of an ongoing federal criminal prosecution before the Honorable Edwin M. Kosik of this district court.  See United States v. Reynolds, Case No. 3:05-CR-493.  Jury selection and trial are presently scheduled for March, 2007.

Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to consolidate <u>Reynolds v. Chiarelli, et al.</u>, Civil No. 4:CV-07-159 into <u>Reynolds v. Warden Donate, et al.</u>, Civil No. 4:CV-06-1400, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court is directed to close the case of <u>Reynolds v. Chiarelli, et al.</u>, Civil No. 4:CV- 07-159.

3. Plaintiff's summary judgment motion (Record document no. 4) in <u>Reynolds</u>, Civil No. 4:07-159 is dismissed without prejudice as prematurely filed.

        <u>  s/ James F. McClure, Jr.  </u>
        JAMES F. McCLURE, JR.
        United States District Judge