IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,     :
                             :
       Plaintiff             :
                             :    CIVIL NO. 4:CV-06-1400
   v.                        :    CIVIL NO. 4:CV-07-712
                             :
JAKE MOSKWA, C.O.            :    (Judge McClure)
ET AL.,                      :
                             :
       Defendants            :

## **MEMORANDUM**

June 10, 2009

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior incarceration in the Lackawanna County Prison, Scranton, Pennsylvania.

Named as Defendants are Correctional Officers John Moskwa and Ben Girvasi of the Lackawanna County Prison and the Prison Board.[1] Plaintiff generally alleges that he was assaulted by Moskwa and Girvasi "over shower shoe issue." See Record document no. 1, ¶ 4. The Complaint does not indicate the date of the alleged

---

1. Defendants indicate that the correct spelling of Defendant Girvassi's name is Girvasi. See Record document no. 119.

1

assault. As a result of the attack, Reynolds purportedly suffered injuries, including a cut to the inside of his mouth. Reynolds also generally contends that he was denied medical treatment and given two (2) weeks of disciplinary segregation. The Complaint seeks compensatory and punitive damages.

Presently pending are the parties' cross motions for summary judgment. The motions are ripe for consideration.

**Discussion**

Defendants assert that Plaintiff's claims center around a July 14, 2006 incident during which Reynolds sought entry to the prison's law library while wearing shower shoes. They contend that entry of summary judgment is appropriate because their actions were undertaken in accordance with "proper prison policy." Record document no. 122, p. 3. Defendants also assert that they are entitled to qualified immunity with respect to Plaintiff's claims.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also*, Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The

2

court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; *see also* Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Defendants' Summary Judgment**

As previously noted, Plaintiff alleges that Defendants Moskwa and Gervasi assaulted him. In order to constitute cruel and unusual punishment, a correctional

officer's use of force must involve the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment Clause, whether the conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id.

"Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). In a later ruling, the United States Supreme Court recognized that the use of force may constitute cruel and unusual punishment even if the prisoner does not sustain "significant" injuries. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir.), cert. denied, 531 U.S. 821(2000); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)(even a *de minimis* use of force, if repugnant to the conscience of mankind, may be constitutionally significant). The degree of injury, if any, although not necessarily dispositive, is still a relevant factor in the determination of the excessiveness of the force used. See Brooks, 204 F.3d at 106. As explained in Fuentes:

> We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. In

4

> other words, we must determine if they were
> motivated by a desire to inflict unnecessary and
> wanton pain. 'What is necessary to establish an
> "unnecessary and wanton infliction of pain. . ."  varies
> according to the nature of the alleged constitutional
> violation.'

206 F.3d at 344.

In a sworn affidavit, Warden Janine Donate states that during the relevant time period, "there was a policy at the Lackawanna County Prison that all inmates must be in proper uniform in order to leave their Cell Block, including leaving their Cell Block to visit the law library at the prison." Doc. 121, ¶ 2. Donate adds that all inmates are supplied proper prison footwear upon their admission and that the policy of requiring prisoners to wear footwear when they leave their Block "promotes the proper penological policy of promoting health and safety." Id. at ¶ 3.

A sworn affidavit by CO Girvasi acknowledges being involved in an incident involving the Plaintiff on July 14, 2006. See Record document no. 119, ¶ 5. According to Girvasi, on said date Plaintiff attempted to go to the law library without shoes on his feet. The inmate then refused several orders directing him to return to his cell until such time as he was wearing proper shoes. Girvasi adds that Reynolds next "refused and resisted" an order to place his hands behind his back to be handcuffed. Based upon that conduct, Girvasi states that he and Correctional Officer Moskwa handcuffed Plaintiff and took him to the Disciplinary Block. A supporting affidavit by Moskwa echoes Girvasi's version of the events. See Record document no. 120.

Defendants' brief in support of their summary judgment motion argues that Plaintiff does not enjoy a constitutional right to do his legal research in bare feet. See Record doc. 122, p. 5. However, the pending Complaint does not assert a denial of access to the court claim, rather it contends that Plaintiff was assaulted by Moskwa and Girvasi and thereafter denied medical treatment and subjected to an unwarranted stay in disciplinary segregation.[2] Neither Defendants' summary judgment motion nor the supporting affidavits sufficiently address the issue of whether the use of force employed by Moskwa and Girvasi was within acceptable constitutional parameters. Rather, Defendants' factual submissions only generally indicate that when Reynolds refused and resisted an attempt to be handcuffed, both officers then forcibly applied handcuffs. Defendants supply no details about the degree of force which was applied, whether Reynolds suffered any injuries, or if the prisoner required or was provided with any type of medical treatment or assessment.

Defendants' summary judgment motion also does not address Reynolds' denial of medical treatment assertion, or the claim against the Lackawanna County Prison Board. Moreover, the qualified immunity argument raised by Defendants likewise does not address the excessive force, denial of medical treatment, and improper disciplinary custody claims raised by Reynolds. Accordingly, Defendants' motion for summary judgment will be denied.

**Plaintiff's Summary Judgment**

---

2. It is noted that Defendants' summary judgment motion and brief is identical to a pending summary judgment motion and brief filed by Defendants (including COs Moskwa and Girvassi) in Reynolds v. Warden Donate, et al., Civil No. 4:CV-06-1400.

Plaintiff has filed seven (7) separate motions requesting entry of summary judgment. See Record document nos. 92, 93, 103, 110, 113, & 115. Those motions similarly argue that Defendants have not adequately addressed Plaintiff's claims. However, Reynolds' motions do not establish that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law with respect to the claims asserted in his pending complaint. Accordingly, Plaintiff's summary judgment motions will also be denied.

In addition, for reasons previously set forth by this Court, Plaintiff's latest requests for entry of default (Record document nos. 124 & 132) will also be denied.

**Consolidation**

> Federal Rule of Civil Procedure Rule 42(a) states:
>
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

When this matter was originally filed, it was unclear as to whether Plaintiff's claims of excessive force, denial of medical treatment and improper placement in disciplinary custody stemmed from the same July 14, 2006 incident involving defendants Moskwa and Girvasi which is the basis for claims of denial of

7

access to the court and improper placement in disciplinary segregation previously asserted by Plaintiff in Reynolds v. Warden Donate, et al., Civil No. 4:CV-06-1400.

It is now apparent that both actions arose from the same incident. This conclusion is supported by affidavits submitted by Defendants and Warden Donate as well as Plaintiff's correspondence to the Court wherein he asserts that the cases are related closely in fact and should be consolidated. See Record document no. 138, p. 2.

Since the actions contain common Defendants and relate to the same July 14, 2006 incident, this Court will order the consolidation of Plaintiff's present Complaint into his initially filed action, Reynolds, Civil Action No. 4:CV-06-1400, pursuant to Rule 42(a). An appropriate Order will enter.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,   :
                            :
        Plaintiff           :
                            :   CIVIL NO. 4:CV-06-1400
    v.                      :   CIVIL NO. 4:CV-07-712
                            :
JAKE MOSKWA, C.O.           :   (Judge McClure)
ET AL.,                     :
                            :
        Defendants          :

## **ORDER**

June 10, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment (Record document no. 118) is DENIED.

2. Plaintiff's summary judgment motions (Record document nos. 92, 93, 103, 110, 113, 115 & 144) are DENIED.

3. Plaintiff's requests for entry of default (Record document nos. 124 & 132) are DENIED.

4. The Clerk of Court is directed to consolidate <u>Reynolds v. Moskwa, et al.</u>, Civil No. 4:CV-07-712 into <u>Reynolds v. Warden Donate, et al.</u>, Civil No. 4:CV-06-1400, pursuant to Federal Rule of Civil Procedure 42(a).

5. The Clerk of Court is directed to close the case of <u>Reynolds v. Moskwa, et al.</u>, Civil No. 4:CV- 07-712.

    <u>  s/ James F. McClure, Jr.  </u>
    JAMES F. McCLURE, JR.
    United States District Judge