IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL CURTIS REYNOLDS,        :
                                :
            Plaintiff           :
                                :
      v.                        :        CIVIL NO. 4:CV-06-1400
                                :
WARDEN JANINE DONATE,           :        (Judge McClure)
ET AL.,                         :
                                :
            Defendants          :


**MEMORANDUM**

June 10, 2009

**Background**

  Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined at the

Allenwood United States Penitentiary, White Deer, Pennsylvania, initiated this pro se

civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior incarceration in the

Lackawanna County Prison, Scranton, Pennsylvania.

  Named as Defendants in Reynolds' initial complaint were Warden Janine

Donate, Correctional Officer Cornell and Lieutenant Carol of the Lackawanna County

Prison (hereinafter the Original Defendants). Plaintiff alleges that Warden Donate's

policy prohibiting inmates from going to the law library without shoes is

unconstitutional. He adds that prison staff refused to provide him with shoes for a

period which exceeded four (4) months and that the denial of access to the law library

1

prevented him from requesting another preliminary hearing. As relief, Plaintiff seeks a change in the Warden's law library policy and compensation.

A second complaint, <u>Reynolds v. Donate</u>, Civil No. 4:CV-06-1487, filed by Plaintiff named as Defendants, Warden Donate, and Additional Defendants Captain Katz as well as Correctional Officers Moskwa and "G."[1] Therein, Plaintiff again challenges Warden Donate's policy requiring that shoes be worn by prisoners going to the law library. His second complaint further maintains that Defendants Moskwa and "G." denied him access to the law library, and then tackled him and placed him in the prison's restrictive housing unit. Captain Katz is described as having presided over a disciplinary proceeding regarding Plaintiff's placement in restrictive housing. As relief, Plaintiff again seeks a change in Warden Donate's law library policy and compensation. Reynolds further requests that the Defendant correctional officers who assaulted him be disciplined and that a mistrial be declared in his criminal prosecution.

By Memorandum and Order dated August 7, 2006, this Court directed that Plaintiff's two above described cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and that the consolidated matter proceed under <u>Reynolds</u>, Civil Action No. 4:CV-06-1400, which was the initially filed complaint.

Thereafter, a third complaint, <u>Reynolds v. Chiarelli, et al.</u>, Civil No. 4:CV-07-159, was likewise consolidated into this matter. Named as Additional Defendants

---

1. A review of the record, establishes that Defendant 'G' is Correctional Officer Ben Girvasi.

in <u>Reynolds</u>, 07-159 are Captain Chiarelli and Assistant Warden Timothy Betti of the Lackawanna County Prison. Plaintiff again contends that he was denied adequate access to the prison's law library. Specifically, he alleges that Chiarelli and Betti constantly deny me permission to use the prison's law library despite his need to prepare for an upcoming federal criminal trial.[2] There are no other claims asserted in this complaint.

Presently pending are the parties' cross motions for summary judgment. The motions are ripe for consideration. For the reasons outlined below, the parties' respective requests for summary judgment will be denied.

**<u>Discussion</u>**

**<u>Defendants' Summary Judgment Motion</u>**

Defendants contend that summary judgment should be entered in their favor because their actions with respect to Inmate Reynolds were undertaken in accordance with "proper prison policy." Record document no. 206, p. 3. They also claim entitlement to protection under the doctrine of qualified immunity.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." <u>Fed. R. Civ. P. 56(c)</u>; *See also*, <u>Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001)</u>. A factual dispute is "material" if it might affect the outcome of the suit under the

---

2.    Plaintiff was convicted of federal criminal charges following a jury trial before the Honorable Edwin M. Kosik of this district court. See <u>United States v. Reynolds</u>, Case No. 3:05-CR-493.

applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. at 248.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  Saldana, 260 F.3d at 232; *see also* Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).  Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.  Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'"  Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

## Access to the Courts

Defendants acknowledge that Reynolds was told that he could not enter the prison's law library or for that matter leave his cell block unless he was wearing proper footwear. On one occasion when he attempted to visit the prison law library, Plaintiff refused to comply with a directive that he return to his housing unit until such time as he was wearing shoes. Based upon his non-compliance , Reynolds was handcuffed and taken to the prison's Disciplinary Block. Reynolds remained in disciplinary segregation for a two (2) week period as a sanction for his alleged institutional misconduct. They argue that their was no constitutional violation because their actions were undertaken in accordance with established, reasonable institutional policy.

In a sworn affidavit, Warden Janine Donate states that during the relevant time period, "there was a policy at the Lackawanna County Prison that all inmates must be in proper uniform in order to leave their Cell Block, including leaving their Cell Block to visit the law library at the prison." Doc. 203, ¶ 2. Donate adds that all inmates are supplied proper prison footwear upon their admission and that the policy of requiring prisoners to wear footwear when they leave their Block "promotes the proper penological policy of promoting health and safety." Id. at ¶ 3.

With respect to the events of July 14, 2006, Donate indicates that on said date, Reynolds refused an order to return to his Block for not wearing proper footwear. As a result, he was found guilty of disobeying a direct order by staff and sentenced to spend two (2) weeks in the prison's Disciplinary Block. While serving

his disciplinary sentence, Reynolds was permitted to request materials from the law library.

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991).

Thereafter, the United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), held that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts. Defendants' pending summary judgment motion does not raise an argument that Plaintiff failed to satisfy his burden under Lewis of demonstrating that he suffered an actual injury to a non-frivolous litigation effort.

Rather, Defendants argue only that Reynolds did not enjoy a constitutional right to do legal research in bare feet, and that not allowing him to do so was constitutionally acceptable.[3] See Record document no. 206, p. 5.

In opposition to Defendants' motion, Plaintiff states that he attempted to go to the prison law library while wearing shower shoes, which he indicates were the only footwear in his possession. See Record document no. 217, p. 1. He adds that he

_____

3. Defendants briefly note that Reynolds was represented by counsel with respect to his federal criminal prosecution but they do not argue that said representation precludes a finding of actual injury.

6

was previously allowed to visit the law library while wearing shower sandals and that according to the Lackawanna County Prison Handbook, shower sandals are considered to be appropriate footwear.  See id. at p. 4.  Reynolds also provides what purports to be page 14 of the Lackawanna County Prison Handbook of Inmate Policies which states that shower sandals or tied sneakers are deemed to be proper inmate attire which may be worn when outside of the inmate's assigned cell/unit.  See Record document nos. 225, Exhibit 1 & no. 210, Exhibit 2.

Based on his submissions, Plaintiff has created a dispute as to material issues of fact as to whether there was an institutional custom or policy allowing prisoners to visit the Lackawanna County Prison's law library while wearing shower sandals and/or pursuant to institutional policy sandals are deemed to be part of a prisoner's uniform and thereby allowing an inmate to access the prison law library while in sandals.  Accordingly, Defendants' request for entry of summary judgment with respect to Plaintiff's assertions of being denied access to the law library will be denied.

**Excessive Force.**

Plaintiff alleges that on July 14, 2006 he was tackled and taken to the prison's disciplinary unit by Correctional Officers Moskwa and Girvasi. During this incident, Reynolds claims that Girvasi knelt on his face "breaking a tooth and driving the broken tooth through the Plaintiff's mouth."  Record document no. 217, p. 1.

A sworn affidavit by Correctional Officer Ben Girvasi acknowledges his involvement in an incident involving the Plaintiff on July 14, 2006.  See Record

7

document no. 202, ¶ 5.  Girvasi states that on said date Plaintiff attempted to go to the law library without shoes on his feet.  The inmate proceeded to refuse several orders to return to his cell until such time as he was wearing proper shoes.  According to Givasi, Reynolds then refused to comply with an order to place his hands behind his back to be handcuffed.  Girvasi adds that he and Correctional Officer Moskwa then handcuffed Plaintiff and took him to the Disciplinary Block.  A supporting affidavit by Moskwa echoes Girvasi's version of the events.  <u>See</u> Record document no. 201.

Neither Defendants' summary judgment motion nor their accompanying supporting affidavits address the issue of whether the use of force employed by Moskwa and Girvasi was within acceptable constitutional parameters.  Rather, Defendants' factual submissions only generally indicate that when Reynolds refused and resisted an attempt to be handcuffed, both officers then forcibly applied handcuffs.  Defendants supply no details about the incident such as a description of what force was actually employed .  They also do not provide any information as to whether Reynolds suffered a broken tooth or any other injuries, and if so, the extent of those injuries.  As a result of those outstanding issues, it simply cannot be established at this juncture that there are no material facts in dispute or that Defendants are entitled to entry of summary judgment.

It is additionally noted that Defendants' summary judgment motion does not discuss Reynolds' claim against Captain Betti.  Moreover, the qualified immunity argument raised by Defendants likewise does not adequately address the excessive force, denial of access to the law library, and improper disciplinary custody claims

raised by Reynolds.  Accordingly, Defendants' motion for summary judgment will be denied.

**<u>Plaintiff's Summary Judgment Motions</u>**

Plaintiff has filed multiple motions requesting entry of summary judgment.. Those motions similarly and generally argue only that Defendants have not adequately addressed Plaintiff's claims.  Reynolds' motions do not establish or even argue that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law with respect to his pending claims.  Accordingly, Plaintiff's summary judgment motions will likewise be denied.  Furthermore, for reasons previously set forth by this Court, Plaintiff's latest requests for entry of default (Record document nos. 211 & 215) will  be denied.  An appropriate Order will enter.


  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge




IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA



MICHAEL CURTIS REYNOLDS,          :
                                  :
               Plaintiff          :

9

## <u>ORDER</u>

June 10, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.  Defendants' motion for summary judgment (Record document no. 200) is DENIED.

2.  Plaintiff's summary judgment motions (Record document nos. 164, 172, 186, 192, 196, 209, & 236) are DENIED.

3.  Plaintiff's requests for entry of default (Record document nos. 211, 215) are DENIED.

4.  The parties are granted a final opportunity to July 17, 2009 in which to submit any further dispositive motions. This deadline shall not be extended unless exceptional circumstances are demonstrated.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge